GEORGE P. BRIGGS *v.* ROCCO J. SYLVESTRI ET AL.
(AC 17104)
(AC 17105)

O'Connell, C. J., and Hennessy and Spallone, Js.

Argued March 20—officially released June 30, 1998

---

[8] The first count of the defendants' counterclaim is not involved in this appeal.

*Michael J. Leventhal*, with whom, on the brief, was *Tricia L. Volkmann*, for the appellants-appellees (named defendant et al.).

*Allan F. Friedman*, for the appellee-appellant (plaintiff).

*Opinion*

O'CONNELL, C. J. The plaintiff, George Briggs, brought this action seeking specific performance of a right of first refusal contained in a lease. The trial court granted specific performance with respect to one defendant and denied it as to the others.

George Briggs appealed to this court from the trial court's judgment denying him specific performance as to the defendants Alfred Briggs, Jr., and Elizabeth Briggs. The defendant Rocco Sylvestri[1] appealed from the part of the judgment granting specific performance as to the defendant Nancy Briggs DeBolt.

On appeal, George Briggs claims that the trial court improperly held that he was not entitled to review Sylvestri's offer to purchase certain property prior to exercising his right of first refusal. Sylvestri's central claim on appeal is that the trial court improperly ordered specific performance as to DeBolt's interest because George Briggs failed to show that he was ready, willing and able to purchase her interest.[2] We affirm the judgment of the trial court as to both appeals.

---

[1] Rocco Sylvestri died on March 23, 1997, prior to the filing of this appeal. The executors of his estate, Scott Sylvestri and Virginia Y. Sylvestri (Sylvestri), are defendants for the purposes of this appeal.

[2] Sylvestri asserts five claims on appeal. Although the language differs in each claim, the allegations are virtually the same, namely that the trial court

The trial court found the following facts. George Briggs occupies property at 403 Greenwich Avenue in Greenwich under a long-term lease that he had entered into with his father. The express provisions of the lease granted him the right of first refusal to purchase the property.[3] Following their father's death and upon the settlement of his estate, George Briggs and his three siblings each inherited a one-quarter interest in the property as tenants in common subject to the leasehold.[4] This settlement also reaffirmed George Briggs' right of first refusal in the property.

improperly awarded George Briggs specific performance because George Briggs failed to prove that he was ready, willing and able to perform under the contract at all times.

Sylvestri specifically claims that the trial court improperly (1) granted George Briggs specific performance as to his right of first refusal when he failed to show that he was ready, willing and able to perform the contract at all times; (2) held that George Briggs was not obligated to prove that he was ready, willing and able to perform because DeBolt breached the notice requirements of the contract; (3) held that George Briggs was not obligated to prove the essential elements of his claim for specific performance because Sylvestri took the property subject to notice of George Briggs' right of first refusal; (4) determined that there was sufficient evidence to support the conclusion that George Briggs was able to perform at the time of the contract; and (5) granted specific performance of a right of first refusal when it failed to determine if George Briggs proved he was ready, willing and able to perform at the time of trial.

With respect to the second claim, the trial court's response to the motion for articulation filed by Sylvestri clearly states that the trial court's findings did not obviate George Briggs' obligation to prove that he was ready, willing and able to perform under the contract. See footnote 7.

[3] The relevant language of the lease is as follows: "Witnesseth: that the landlord has leased, and does hereby lease to the said Tenant, the following described premises: One, three story building, and all that land at 403 Greenwich Avenue, Greenwich, Connecticut. . . .

"And George P. Briggs be given first option to purchase said property if for sale in the future."

The trial court held, and we agree, that the aforementioned language gave George Briggs a right of first refusal that would ripen into an option to purchase after an offer to purchase has been received from a third party. See *Smith* v. *Hevro Realty Corp.*, 199 Conn. 330, 335, 507 A.2d 980 (1986).

[4] George Briggs' brother, Douglas Briggs, who initially held a one-quarter interest in the property, conveyed his interest to George Briggs prior to the

On December 10, 1993, Alfred Briggs and Elizabeth Briggs notified George Briggs by letter that they had received an offer from Sylvestri to purchase their respective one-quarter interests in the property. The letter further asked that George Briggs respond within fifteen days as to whether he intended to exercise his rights under the lease. The letter specified that if George Briggs failed to respond, Alfred Briggs and Elizabeth Briggs would assume that he waived any right to purchase their interests in the property.

On December 18, 1993, George Briggs responded by letter and requested a copy of Sylvestri's offer. He further requested that the fifteen days be extended to sixty days. On January 24, 1994, Alfred Briggs sent George Briggs a letter agreeing to the sixty day extension period, which was to expire on February 14, 1994, and informed George Briggs of changes in the terms of the proposed transaction with Sylvestri. Proof of Sylvestri's offer was not included with the letter. George Briggs made no further inquiries regarding the property and failed to exercise his right to purchase the property prior to February 14, 1994.

On March 4, 1994, Alfred Briggs conveyed his one-quarter interest to Sylvestri. On that same day, DeBolt conveyed her interest to Sylvestri. She had not previously notified George Briggs of Sylvestri's offer to purchase her interest in the property. On March 7 and March 17, 1994, George Briggs' attorney notified Alfred Briggs that George Briggs remained interested in purchasing the property and that he believed his rights under the lease were still viable. On March 21, 1994, Alfred Briggs' attorney notified George Briggs' attorney by letter that the time during which George Briggs was permitted to exercise his option had expired on February 14, 1994, and that the letter constituted written

commencement of this action. That conveyance is not at issue here and does not affect our decision.

notice of the rejection of George Briggs' untimely attempt to purchase the property.

Elizabeth Briggs then conveyed her one-quarter interest to Sylvestri on May 3, 1994. Each of the one-quarter interests was conveyed by a separate deed, and all three were recorded in the Greenwich land records on May 6, 1994. On the same day, George Briggs learned that Sylvestri had purchased the three one-quarter interests in the property.

On July 15, 1994, George Briggs initiated this action asking the trial court to set aside all three conveyances to Sylvestri. Sylvestri counterclaimed, requesting, inter alia, that the court issue a declaratory judgment quieting title to the property.

The trial court held that George Briggs' father clearly intended George Briggs to have a right to first refuse to buy the property and that during the settlement of the father's estate that right was affirmed. The court then held that George Briggs defaulted by not exercising his right of first refusal by at least matching Sylvestri's offer before February 14, 1994. To this extent, the trial court concluded that George Briggs had waived his option to purchase the interests formerly owned by Alfred Briggs and Elizabeth Briggs, and that George Briggs had had no right to review Sylvestri's offer before making an offer of his own. The trial court therefore concluded that both Alfred Briggs' and Elizabeth Briggs' conveyances to Sylvestri were valid.

The trial court next found that because DeBolt did not furnish George Briggs with the right of first refusal as to her one-quarter interest prior to selling it to Sylvestri, she failed to honor an obligation owed to George Briggs. Without notice of DeBolt's proposed sale to Sylvestri, the trial court concluded, George Briggs was under no obligation to DeBolt to tender performance or to demonstrate that he was ready, willing and able to

purchase her interest. Consequently, the court ordered specific performance and canceled the sale between DeBolt and Sylvestri.

In doing so, the court held that it "may award specific performance where, as here, the lease containing the right of first refusal was recorded, and the subsequent purchaser was aware of that right, constructively and actually, when he bought the property. The deed[5] lists [George Briggs'] right of first refusal as [an encumbrance] subject to which . . . DeBolt's interest was devised. As the subsequent purchaser with such knowledge . . . Sylvestri took the property subject to [George Briggs'] right of first refusal."

In addition to canceling DeBolt's sale to Sylvestri, the court directed DeBolt immediately to offer George Briggs the opportunity to purchase her one-quarter interest in the property. The trial court found Sylvestri's claims to be without merit and concluded that its decision quieted title to the property.[6] Sylvestri filed a motion for articulation, to which the trial court responded.[7] Both George Briggs and Sylvestri appeal

---

[5] We presume "deed" referred to the certificate of devise issued by the Probate Court.

[6] The status of the title following the trial court's decision is that George Briggs owned a one-quarter interest, Sylvestri owned a one-half interest and DeBolt owned a one-quarter interest.

[7] The relevant portion of the trial court's memorandum in response to the motion for articulation provides: "The appellants have filed a motion for articulation, the specifics and the response to which are as follows:

"1. Articulate whether or not the court found that the plaintiff offered any proof at trial that he was ready, willing and able to perform the contract for the one-quarter interest of defendant Nancy DeBolt in 403 Greenwich Avenue, Greenwich, Connecticut, as conveyed to defendant Rocco J. Sylvestri in 1994.

"Response: The court did not make a specific finding as to whether the plaintiff was ready, willing and able to perform on the contract for the aforesaid one-quarter interest. The court found that since defendant Nancy DeBolt sold her interest in the property to defendant Rocco Sylvestri without advance notice to and without giving the plaintiff an opportunity to purchase, the plaintiff at that time was under no obligation and had no opportunity

from the trial court's decision. We affirm the trial court's judgment as to both appeals.

I

George Briggs claims that the trial court improperly held that he was not entitled to receive proof of Sylvestri's offer prior to being obligated to exercise his right of first refusal. He claims that there is no controlling Connecticut case law pertaining to this issue and that it would be illogical to require a holder of such a right to match an offer that has not been proven to be legitimate. George Briggs asserts that such a requirement would unreasonably force the holder either to act on the seller's statement or to lose his right of first refusal. We are not persuaded.

Connecticut case law holds that "a right of first refusal . . . [is] conditioned on the occurrence of two events: [the property owner's] desire to sell the property, and [his] receipt of an acceptable offer from a

to tender performance or to demonstrate that he was ready, willing and able to purchase her interest. See *Didriksen* v. *Havens*, 136 Conn. 41, 47, 68 A.2d 163 (1949). However, the court found as credible the plaintiff's testimony that early on in the negotiations between all of the parties he gave his lawyer a check in the amount of $10,000 as a down payment. Furthermore, the court found as credible the plaintiff's testimony that he was receiving at least $2,500 per month as rent for the 403 Greenwich Avenue building and paying only $650 per month as rent therefor. These facts the court found as a sufficient basis for finding that the plaintiff had the financial wherewithal to purchase the one-quarter interest by way of cash or through a combination of cash and mortgaging.

"2. Articulate whether or not the court found that the plaintiff, George P. Briggs, proved at trial that he was ready, willing and able to perform the contract for the one-quarter ownership interest of Nancy DeBolt as awarded in the judgment.

"Response: See Response to Articulation No. 1.

"3. Articulate whether the court's finding, at page thirteen of the decision, that plaintiff had no advance notice of the sale, obviates his obligation to prove, at trial for specific performance, that he was ready, willing and able to perform, since the court's decision is unclear as to this issue.

"Response: No."

bona fide purchaser." *Smith* v. *Hevro Realty Corp.*, 199 Conn. 330, 335, 507 A.2d 980 (1986).This right merely requires the property owner, "before it [sells] the [property] to some third party, to offer it to [the holder of the right] on the same terms it [is] willing to accept from the third party." Id., 336. A letter of notice to the holder, which sets out the terms of the proposed transaction, is all that is required. See id.

*Smith* does not require that the property owner provide the holder with *proof* of a third party's offer. It merely requires the owner to be in *possession* of an acceptable offer from a bona fide purchaser and that the owner *notify* the holder of that offer and then tender the property to the holder on the same terms. In this case, it remains undisputed that Alfred Briggs notified George Briggs in writing of Sylvestri's status as a third party purchaser and of the terms of Sylvestri's offer. The trial court found this letter sufficient to provide George Briggs with the parameters necessary for him to decide whether to exercise his right of first refusal. George Briggs, however, failed to take any action before February 14, 1994. The trial court properly concluded that George Briggs waived his right to purchase Alfred Briggs' and Elizabeth Briggs' respective one-quarter interests in the property.

## II

On appeal, Sylvestri claims that for specific performance properly to be ordered, George Briggs was required to prove that, at all times, he was ready, willing and able to purchase the property. See *Allen* v. *Nissley*, 184 Conn. 539, 542, 440 A.2d 231 (1981). Sylvestri asserts that George Briggs failed to offer proof of his financial ability to purchase DeBolt's interest and that the trial court's conclusion to the contrary was erroneous.

"The granting of specific performance of a contract to sell land is a remedy which rests in the broad discretion of the trial court depending on all of the facts

and circumstances when viewed in light of the settled principles of equity. . . . That being so, *there can be no established rules and fixed principles laid down* for its application . . . ." (Emphasis in original; internal quotation marks omitted.) *Natural Harmony, Inc.* v. *Normand,* 211 Conn. 145, 149–50, 558 A.2d 231 (1989).

In this case, the trial court made a specific finding that George Briggs had, in fact, the "financial wherewithal to purchase the one-quarter interest by way of cash or through a combination of cash and mortgaging." See footnote 7. The court further concluded that George Briggs met his burden of proof that he was ready, willing and able to purchase DeBolt's one-quarter interest in the property.

"This court has proclaimed repeatedly that it is not within our province to retry facts. . . . A factual ruling of a trial court will not be disturbed unless it is clearly erroneous." (Citations omitted.) *Natural Harmony, Inc.* v. *Normand,* supra, 211 Conn. 150.

Sylvestri's claims on appeal are "challenges that are inextricably connected to the factual findings made by the trial court. . . . The discretionary equitable ruling of the trial court is legally and logically sound." Id., 150–51. The trial court properly canceled the transaction between DeBolt and Sylvestri.

The judgments are affirmed.

In this opinion the other judges concurred.